UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL ADAMS,

        Plaintiff,

v.

                                                  Case No. 12-12715
JAKE LISS, DAVID UHL, and CITY OF DUNDEE    Honorable Julian Abele Cook, Jr.

        Defendant.

<u>ORDER</u>

On June 21, 2012, the Plaintiff, Carl Adams, filed this lawsuit, in which he claims to have been unlawfully arrested and maliciously prosecuted by the Defendants in violation of his fundamental rights under the Fourth and Fourteenth Amendments to the United States Constitution. He further contends that these Defendants also caused him to be falsely arrested, falsely imprisoned, and maliciously prosecuted in violation of existing Michigan law. On November 5, 2012, two of the Defendants (City of Dundee and David Uhl) filed a motion, seeking to obtain a stay of these proceedings pending the outcome of the criminal litigation involving Adams. The Defendant, Jake Liss, concurs with this request.

I.

On April 12, 2011, Adams was arrested by Dundee, Michigan law enforcement officers because of their belief that he possessed a controlled substance with an intent to deliver it to another individual in violation of the law. Although Adams' criminal charge was voluntarily dismissed

without prejudice on August 26, 2011, it was reinstated several months later (November 1, 2012) Notably, this reinstated charge arose out of the events that led to Adams' initial arrest on April 12, 2011.

## II.

In 1971, the Supreme Court rendered a landmark decision which, in essence, forbad federal judges from rendering decisions when there is a pending state court proceeding. *See Younger v. Harris*, 401 U.S. 37 (1971); *Moore v. Sims*, 442 U.S. 415, 423 (1979). *Younger* is rooted in notions of "comity," which has been defined as affording "proper respect for state functions, a recognition . . . that the entire country is made up of a Union of separate state governments, and a . . . belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Younger* at 44. This decision reflects a strong policy against federal intervention into state proceedings "in the absence of great and immediate irreparable injury to the federal plaintiff." *Id*. *See also, Fieger v. Cox*, 524 F. 3d 770, 774 (6th Cir. 2008) ("federal injunctions against a state criminal law enforcement process could be issued only under extraordinary circumstances where the danger of irreparable loss is both great and immediate."). Furthermore, "the *Younger* abstention doctrine counsels a federal court to abstain from adjudicating a matter properly before it in deference to ongoing state criminal proceedings." *Tindall v. Wayne County Friend of the Court*, 269 F.3d 533, 538 (6th Cir. 2001). This abstention is appropriate "when the state proceeding (1) is currently pending, (2) involves an important state interest, and (3) affords the plaintiff an adequate opportunity to raise constitutional claims." *Coles v. Granville*, 448 F.3d 853, 865 (6th Cir. 2006).

## III.

With regard to the first prong under *Younger*, there is no dispute that a state criminal charge is currently pending against Adams. Although he argues that the state criminal action was not pending at the time when the instant case was filed, a relevant inquiry reveals that the pertinent state proceedings are currently pending. As such, the first factor has been satisfied.

Turning now to the second prong under *Younger*, the Defendants submit that the criminal proceedings involve an important state interest. The Court agrees. The ongoing state proceedings involve the important state interest of prosecuting alleged conduct that is proscribed by statute. Furthermore, Adams has not advanced any information or facts which suggest that he will not have an adequate opportunity to raise his constitutional claims in the State court. Rather, he argues that the "bad faith" exception should have applicability here. The "bad faith" exception applies whenever "the state proceeding is motivated by a desire to harass or is conducted in bad faith." *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 611 (1975). In support of his position, Adams notes that the criminal charge was reinstated one year after the initial charge had been dropped and after he had initiated this currently pending civil lawsuit. Adams posits that the reinstatement of the criminal action was filed in bad faith in an effort to deter him from exercising his fundamental rights under the United States Constitution. Although the timing in the delay in the reissuing of the criminal charge may be an indicator of bad faith, it - standing alone - is not sufficient to support Adams' claim against the Defendants.

Under the circumstances, the Court will (1) grant Defendants' request for a stay of this litigation (ECF 16), and (2) administratively close this case. Therefore, the Clerk of this Court shall close the official file for the sole purpose of statistical accounting. Nothing in this Order or within the related docket entry shall be construed as constituting a dismissal of the issues or representing

a final disposition of this cause. Upon the termination of the state court proceedings, any party to this controversy may initiate any such proceedings as are permitted under the Federal Rules of Civil Procedure, Local Rules, and/or previously issued orders from this Court, and other statutes, rules, and/or regulations which govern this cause of action. Hence, this cause shall be immediately reopened by the Clerk of the Court for statistical purposes without any further directive from this Court.

IT IS SO ORDERED.

Date: January 24, 2013						s/Julian Abele Cook, Jr.
								JULIAN ABELE COOK, JR.
								U.S. District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on January 24, 2013.

								s/ Kay Doaks
								Case Manager